[Civ. No. 1547.   Fourth Appellate District.—January 21, 1935.]

PRESCOTT McDOWELL, as Executor, etc., Appellant, v. ELLEN C. SNODGRASS et al., Respondents.

William M. Morse, Jr., and Charles S. Wagner for Appellant.

Hamish B. Eddie and George F. Rankin for Respondents.

MARKS, J.—This action was instituted by Prescott McDowell as executor of the last will and testament of John Purkiss, deceased, to cancel a deed conveying two pieces of property to Ellen C. Snodgrass and to quiet title to the property, upon the grounds that Purkiss was mentally incompetent to execute the deed, that there was no consideration for it and that it had never been delivered. The trial court found against these contentions and rendered judgment accordingly. This appeal is taken from the judgment and from the order denying the motion for new trial.

The sole question presented is whether the evidence supports the findings and judgment. Deceased was the father

of Mrs. Snodgrass. He was eighty-eight years old at the time of his death. The deed was executed during his last illness, nine days before he died.

Several days before the deed was signed deceased sent word to his daughter and her husband that he wanted to see them. When they visited him he told them he wanted to deed two lots in Los Angeles County to his daughter and asked her to have the deeds prepared. They visited him again on October 27, 1932. He asked if she had the deed and she produced it. It was read to him by her husband. Deceased asked if there should not be two deeds as there were two pieces of property. He was assured that one deed was sufficient as both lots were described in it. He signed the deed by his mark which was duly witnessed. He then handed the deed to Mr. Snodgrass for his daughter. One physician and several lay witnesses testified that deceased was mentally competent at the time he executed the deed.

This evidence amply supports the findings and judgment. The deed was evidently made by deceased in contemplation of death. His daughter was the natural object of his bounty. The appeal is absolutely without merit.

The attempted appeal from the order denying the motion for new trial is dismissed. It is not an appealable order.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1935.